ETHEL VON FUNK v. R. M. VON FUNK

162 So. 145.
Division A.
Opinion Filed June 15, 1935.
Rehearing Denied June 27, 1935.

*Paty, Warwick & Mooney,* for Appellant;

*C. L. McCoy,* for Appellee.

DAVIS, C. J.—In this case the husband, in possession of information that his wife was clandestinely meeting, and in all likelihood engaging in frequent acts of adultery with, another man with whom she had become infatuated, resorted to an ingenious strategem in so arranging in his wife's bedroom, her personal hygiene accessories, as to confirm the fact from their subsequently discovered disorderly array, that the acts of adultery on his wife's part that he had so strongly suspected beforehand, had been actually committed by the wife during a temporary absence of the husband from his wife's abode.

Notwithstanding, however, the evidence he had so obtained, the husband continued living with his wife for a subsequent period of about forty days thereafter, during which time he acquired additional and more confirmatory evidence of his wife's faithlessness. The additional evidence was of such character that he definitely left her on July 30, 1934.

When the present case was heard in the Circuit Court before a special master, the accused wife did not see fit to take the stand in her own behalf to deny her adulterous acts, nor did she offer to explain away the circumstances upon which her husband had predicated his charge of adultery against her when he filed this suit against her in the court below seeking a divorce on the ground of adultery by her committed in manner and form as charged.

Both the Master and the Chancellor found from the evidence that the wife was guilty of adultery as alleged. So the principal claim for reversal here is that the Chancellor misapprehended the legal effect of the evidence as tending to show that the husband's suit for divorce was

barred on the ground of connivance and condonation of the offense, notwithstanding the adultery undenied.

We agree with the Chancellor that a husband cannot be said to have condoned the offense of adultery on his wife's part where, although he knows highly incriminating facts calculated to convince him of her infidelity, he continues to give her the benefit of the doubt by not refusing to live with her until after he has acquired definite knowledge, sufficiently substantial to amount to legal proof of the commission of the offense. This is on the principle that marital infidelity is only to be regarded as condoned where there is a definite continuation of cohabitation after evidence sufficient to legally establish the offense has come to the knowledge of the condoning party.

An innocent party to a marriage is not required to separate and bring suit on hearing mere reports or upon warnings from friends of the infidelity of the opposite spouse, in order to avoid the accusation that by not so separating, he or she is condoning the offense of the marital offender. See, Reading v. Reading, 8 Atl. Rep. (N. J. Eq.) 809; Gosser v. Gosser, 183 Penna. St. 499, 38 Atl. Rep. 1014; Uhlman v. Uhlman, 17 Abb. (C. C.) (N. Y.) 236; Ann. Cas. 1912-C, p. 15, *et seq.*

The report of the master was properly sustained and the decree of divorce founded thereon is free from error, so the decree appealed from should be, and is hereby

Affirmed.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL, and BUFORD, J. J., concur in the opinion and judgment.